## The President &c. of the State Bank *versus* Titus Welles, Executor.

A clerk of a bank stole from the drawer of another clerk, bills belonging to the bank, which he delivered over to the cashier, and which the cashier, not knowing they had been thus stolen, accepted in discharge of the balance due from such clerk to the bank. *Held,* that this was no payment.

Debt on a bond made by E. V. Baxter as principal, and Abraham Touro, the defendant's testator, as surety, for the faithful performance by Baxter of his duties as second teller of the State bank. Plea, performance from the 10th of January, 1817, the date of the bond, to the 19th of November, 1818, when Baxter was discharged from that trust. Replication, that on the 10th of January, and at other times, Baxter received as second teller 10,000 dollars, which he did not account for and pay over to the first teller according to the condition of the bond. Rejoinder, that on the 19th of November, 1818, the plaintiffs and Baxter accounted together, and that there were then due from him as teller 27,211 dollars 30 cents, which he paid to the plaintiffs. Surrejoinder, denying the fact of payment ; and issue thereon.

The following facts were stated by the parties. On the trial the defendant called George Homer, the cashier of the State bank, who testified, that on the 18th of November, 1818, Baxter was discharged from his office ; that it appeared by the books, that there was then a balance due from him to the bank of 27,211 dollars 30 cents, which he then delivered over to the witness ; that the particular parcels in which that sum was delivered, were designated in the books of the bank kept by Baxter, and that among those parcels was one containing 5633 dollars of the bills of the Boston bank.

The plaintiffs thereupon offered to prove, and it was agreed that their evidence, if admitted, would prove, that 4770 dollars of the parcel of 5633 were not received by Baxter in the usual course of business, but were feloniously taken by him from the drawer of the first teller, in his absence, without his privity or consent, and were the plaintiffs' property ; and that the cashier, at the time when the 27,211 dollars 30 cents were delivered over to him, did not know that the 4770 dollars had been taken by Baxter in the manner above mentioned.

It was agreed, that if on this statement the Court should be of opinion that the evidence offered by the plaintiffs was admissible, judgment should be rendered in their favor for such sum as the Court, on a hearing in equity, should order ; but that if the evidence was not admissible, the plaintiffs should become nonsuit.

On the argument, however, no question was made whether the evidence was admissible, but whether it furnished a sufficient answer to the defence.

*Davis* ( Solicitor General ) and *J. T. Austin*, contended, *March* 10th, that the delivery over to the plaintiffs of their own money, which had been stolen from them by the teller, was not a payment. The teller was not an ordinary debtor of the bank, but was bound to account for and pay over specifically the bills, gold, &c., which he had received in his official capacity.

*Fletcher* and *Bliss*, for the defendant. The surety became responsible only for the official acts of Baxter, and is not liable for theft committed by him, which is an unofficial act. *Foster* v. *Essex Bank*, 17 Mass. R. 479. He appropriated to his official account money which he had stolen, and the bank accepted it in payment. It is too late for them to retract and call upon the surety. *Marryatts* v. *White*, 2 Starkie, 101. If the cashier accepted the money and gave the teller a discharge, not knowing that part of the money was stolen, the surety ought not be responsible for his ignorance. The surety had no opportunity of knowing the fact, but the cashier had, and he was bound to see that the money was properly paid. The only question is, which of two innocent persons shall suffer ; and we think the loss ought to fall upon the plaintiffs,

**396**

they alone having had the means of detecting the teller's mis-conduct.

*Per Curiam.* We are clear that the teller's taking the money feloniously from another teller's drawer and delivering it over to the cashier, does not amount to payment.

*Defendant defaulted*